UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CORRIE GILLISPIE, | ) | |
|---|---|---|
| | ) | Case Nos. 1:16-cr-77; 1:22-cv-229 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Corrie Gillispie's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:22-cv-229; Doc. 349 in Case No. 1:16-cr-77).[1] For the following reasons, the Court will **DENY** Petitioner's motion.

I. **BACKGROUND**

On June 28, 2016, a grand jury returned a superseding indictment, charging Petitioner with multiple kidnapping offenses, multiple commercial sex trafficking offenses, violations of the Mann Act, and money laundering. (*See* Doc. 26 in Case No. 1:16-cr-77.) As detailed at length by United States Magistrate Judge Christopher H. Steger and summarized by the United States Court of Appeals for the Sixth Circuit, Petitioner attempted to actively disrupt the underlying proceedings each and every time he entered a courtroom. (*See* Docs. 133, 323 in Case No. 1:16-cr-77.) As a result of his behavior, when Petitioner indicated that he wanted to represent himself at trial, the Court found that Petitioner waived his right to do so and appointed

---

[1] The Government has also filed a motion for leave to file excess pages in response to Petitioner's motion. (Doc. 14 in Case No. 1:22-cv-229.) The Government's motion for leave to file excess pages is **GRANTED**.

a lawyer to represent him. (Doc. 133 in Case No. 1:16-cr-77.) At trial, Petitioner continued to engage in disruptive conduct. (*See, e.g.*, Doc. 313, at 38–42; Doc. 314, at 2–14; Doc. 315, at 4–12 in Case No. 1:16-cr-77.) As a result, the Court removed Petitioner from the courtroom and placed him in a room with an audiovisual feed of the trial proceedings. At the conclusion of the trial, a jury convicted Petitioner of two counts of kidnapping, two counts of commercial sex trafficking, one count of transportation for prostitution, and one count of money laundering. (Doc. 234 in Case No. 1:16-cr-77.) After the jury returned its verdict, the Court held Petitioner in contempt based on his "series of outbursts that delayed the proceedings and [his display of] gross disrespect for the Court. (Doc. 236 in Case No. 1:16-cr-77.) At sentencing, Petitioner continued his disruptive behavior, and the Court again held Petitioner in contempt. (Doc. 304 in Case No. 1:16-cr-77.) Ultimately, the Court sentenced Petitioner to 396 months' imprisonment, to be followed by five years of supervised release. (Doc. 281 in Case No. 1:16-cr-77.)

Petitioner appealed his conviction and sentence to the Sixth Circuit, arguing that his Sixth Amendment rights were violated because he was not permitted to represent himself and because he was excluded from the courtroom during his trial. (*See* Doc. 323 in Case No. 1:16-cr-77.) The Sixth Circuit affirmed the Court's judgment, finding that the record "amply support[ed] the finding that [Petitioner's] request to represent himself had to be denied in order to conduct the trial." (*Id.*)

Petitioner has now moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:22-cv-229; Doc. 349 in Case No. 1:16-cr-77.) The substance of Petitioner's motion, however, is hard to determine as it, like his conduct in the underlying proceedings, consists primarily of unintelligible rambling about the perceived

2

Case 1:22-cv-00229-TRM-CHS   Document 28   Filed 04/29/24   Page 2 of 5   PageID #: 461

injustice of being investigated, prosecuted, and, ultimately, found guilty of sex-trafficking crimes and money laundering.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Although the substance of Petitioner's § 2255 motion remains largely unclear, it appears that his primary argument remains that his Sixth Amendment rights were violated because he was not permitted to represent himself before and during trial and, as a result, he somehow received ineffective assistance of counsel. To the extent Petitioner has any issues with the representation he received, he has no one to blame but himself. As the Sixth Circuit affirmed on appeal, Petitioner waived his right to represent himself because he: (1) was "disruptive throughout the proceedings'" (2) "began to speak each time he was led into the courtroom"; (3) "repeatedly cursed at the judge"; and (4) "refused to be silent when the judge and attorneys were attempting to conduct proceedings." (Doc. 323, at 1 in Case No. 1:16-cr-77.) Under these circumstances, Petitioner fails to demonstrate that his counsel's representation fell below an objectively reasonable standard, that he was prejudiced as a result of counsel's decisions, or that

his Sixth Amendment rights were otherwise violated. *See Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (explaining that "[t]o collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case.")

Petitioner's remaining unintelligible arguments wholly fail to demonstrate an error of constitutional magnitude, that his sentence was outside the statutory limits, or that there was an error of fact or law so fundamental as to render his entire proceeding invalid. Accordingly, the Court will **DENY** Petitioner's § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, Petitioner' § 2255 motion (Doc. 1 in Case No. 1:22-cv-229; Doc. 349 in Case No. 1:16-cr-77) is **DENIED**.[2] Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

Petitioner has also filed the following motions in his criminal case, all of which consist of additional unintelligible arguments: (1) a motion for new trial (Doc. 339 in Case No. 1:16-cr-

---

[2] Petitioner also filed a "motion to schedule a hearing to relinquishment of the unlawful conviction." (Doc. 24 in Case No. 1:22-cv-229.) To the extent Petitioner is seeking a hearing in connection with his § 2255 motion, his motion is **DENIED**.

77); (2) a "motion for the Government to relinquish its unlawful conviction" (Doc. 341 in Case No. 1:16-cr-77); and (3) a motion for release from custody (Doc. 351 in Case No. 1:16-cr-77). These motions are **DENIED**.

Finally, Petitioner is hereby put **ON NOTICE** that the Court will impose filing restrictions on Petitioner if he continues to file frivolous and vexatious pleadings. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[W]e see nothing wrong . . . with an order . . . that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category.") Since the conclusion of his trial, Petitioner has filed numerous pro se motions and other filings, all of which have no sound legal basis. (*See, e.g.*, Docs. 336, 337, 338, 339, 340, 341, 342, 344, 351, 352, 353, 354, 355, 356 in Case No. 1:16-cr-77; Docs. 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 35, 26, 27 in Case No. 1:22-cv-229.) If Petitioner persists in filing vexatious pleadings and meritless motions, the Court will impose appropriate filing restrictions.

**AN APPOPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**